Approved Mark Sto[neman], AUSA
Mark Stoneman, AUSA
April 9, 2019

AO 106 (Rev. 04/10) Application for a Search Warrant

# UNITED STATES DISTRICT COURT
for the
Western District of Oklahoma

**FILED**
APR 09 2019
CARMELITA REEDER SHINN, CLERK
U.S. DIST. COURT, WESTERN DIST. OKLA.
BY_____Rm_____, DEPUTY

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
GoPro Hero 5 w/64gb SD card; Samsung cell phone, s/n R58JC25P00H; )
Samsung tablet, model no. CE0168; ASUS laptop, model no. GX501V; )
ACS thumb drive, s/n RR 128-06885; Crosstour camera w/32gb SD card )

Case No. M-19-179-STE

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A.

located in the _____Western_____ District of _____Oklahoma_____ , there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;
☑ contraband, fruits of crime, or other items illegally possessed;
☑ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Sections | Offense Description |
|---|---|
| 10 U.S.C. §§ 885 and 886 | Desertion and absence without leave (AWOL) |
| 18 U.S.C. § 922(g)(2) | Possessing a firearm and ammunition while being a fugitive from justice |

The application is based on these facts:
See attached Affidavit of Special Agent Bryan Trulson, Air Force Office of Special Investigations, which is incorporated by reference herein.

☑ Continued on the attached sheet.
☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Bryan Trulson, Special Agent
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 4/9/19

_____
*Judge's signature*

City and state: OKC, OK

SHON T. ERWIN, U.S. Magistrate Judge
*Printed name and title*

# **ATTACHMENT A**

a. One black GoPro brand Hero 5 camera with a chest harness and one red and grey 64GB SanDisk brand Ultra Plus memory card;

b. one silver Samsung brand cellular phone bearing serial number R58JC25P00H;

c. one black Samsung brand tablet, model no. CE0168;

d. one ASUS brand laptop computer, model no. GX501V;

e. one black ACS brand thumb drive bearing serial no. RR 128-068851; and

f. one Crosstour brand digital camera with a red and gold colored 32GB SanDisk brand Extreme Plus memory card.

## ATTACHMENT B

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

1. Any and all documents related to YOUNG's preparations and planning of his unauthorized departure from his duty station and any documents showing his intentions of remaining away therefrom permanently.

2. Any and all documents related to YOUNG's knowledge of his fugitive status and his knowing possession of a firearm and ammunition while being a fugitive from justice.

3. A search of the electronic devices, computers, cellular/mobile phones, and other items listed in this Attachment and Warrant will include, but not be limited to, a search of, and for, computer passwords, computer pass-phrases, data security devices, records, documents, materials, electronic data, electronic mail, Internet history, geolocation data, chat sessions, mobile applications, sms/mms "text" messages.

4. Electronically stored information on electronic devices, computers, cellular/mobile phones, and other items listed in this Attachment and Warrant that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were to be used, the purpose of its use, who would use it, and when.

5. User attribution evidence on electronic devices that indicates who has used or controlled the devices and when they were used or accessed.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

## AFFIDAVIT IN SUPPORT OF APPLICATION FOR SEARCH WARRANT

I, Bryan Trulson, being duly sworn, depose and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Air Force Office of Special Investigations (AFOSI) and have been so for over eleven years. I have investigated matters involving complex criminal and counter-intelligence violations. I am currently assigned as the Superintendent of AFOSI Detachment (Det) 114, Tinker Air Force Base (TAFB), Oklahoma. Through investigations, experience, and training at the Federal Law Enforcement Training Center (FLETC), I have become familiar with methods and operations employed by individuals attempting to conceal their illegal behavior.

2. I am familiar with the information contained in this Affidavit through personal investigation, discussions with other law enforcement personnel, interviews with witnesses, and review of reports and other related documentation. This Affidavit contains information necessary to support the search warrant and is not intended to include every fact or matter I have observed or know.

3. This Affidavit is presented for the limited purpose of establishing probable cause to secure a search warrant for various electronic devices now located at the AFOSI office at TAFB within the Western District of Oklahoma, which were seized from Scott Robert **YOUNG**, aka Skylar Kira **YOUNG** (**YOUNG**) during his arrest for desertion and

absence without leave (AWOL) in violation of 10 U.S.C. §§ 885 and 886. There is also probable cause to believe that **YOUNG** violated 18 U.S.C. § 922(g)(2) by possessing a firearm and ammunition while being a fugitive from justice.

## PROBABLE CAUSE

4. **YOUNG** is an active duty enlisted member of the United States Air Force (USAF). **YOUNG** is assigned to the 964th Airborne Air Control Squadron (AACS) at TAFB, Oklahoma. **YOUNG** is required to work unless excused from duty by a superior USAF service member. On March 27, 2019, **YOUNG** failed to go to his appointed place of duty. On March 28, **YOUNG's** Squadron Commander, Lieutenant Colonel (Lt Col) Sean R. Ames, placed **YOUNG** on AWOL status.

5. On March 30, 2019, **YOUNG's** family advised law enforcement they had not heard from or seen **YOUNG** since March 26, 2019. **YOUNG's** mother had filed a missing person report with the Midwest City Police Department.

6. On April 1, 2019, **YOUNG** sent a message to his sister Christina Stearns (Stearns) via an internet-based messaging platform called Discord. Discord a software application designed for video gaming communities. Discord specializes in text, image, video, and audio communications between users in a chat channel. Stearns received the messages from a Discord user Stearns knew to be **YOUNG**. The message read as follows: "An update from me is scheduled for Tues, 02Apr @ 7:30am CDT, available at the link above. Expect a suicide note." The message went on to say, "More to follow on a later day. This is my way of distributing info so you & others have something to chew on before

2

we talk properly. Until then, I apologize for remaining silent, but I can't let myself be found so easily." **YOUNG** posted a web address to what appeared to be a personal web-based log (blog) for individuals to view what **YOUNG** had promised later to post. Stearns told law enforcement that **YOUNG** had also posted the same message on his Facebook account. Based on the message, Stearns believed **YOUNG** was going to hurt someone else prior to committing suicide.

7. On April 1, 2019, law enforcement learned from **YOUNG's** financial institution that he had made financial transactions in Oklahoma as recently as March 27, 2019. However, **YOUNG's** financial institution disclosed to law enforcement that **YOUNG** had made financial transactions at a hotel in Chicago, Illinois on March 28 and April 1, 2019. **YOUNG** also made a cash withdrawal at a train station in Chicago on April 1, 2019.

8. Law enforcement learned that **YOUNG** had purchased fare to travel by train from Chicago, Illinois to Spokane, Washington. The train was scheduled to arrive in Spokane on April 3, 2019. On April 1, 2019, during a scheduled train stop in St. Paul, Minnesota, AFOSI and Deputy United States Marshals located and arrested **YOUNG** on board a train. At the time of his arrest, **YOUNG** had in his possession, a loaded Smith and Wesson 9mm pistol, four loaded magazines, two holsters, and sixty one rounds of 9mm ammunition. At the time of his arrest, **YOUNG** was also in possession of the following items listed in Attachment A:

    a. One black GoPro brand Hero 5 camera with a chest harness and one red and grey 64GB SanDisk brand Ultra Plus memory card;

3

  b. one silver Samsung brand cellular phone bearing serial number R58JC25P00H;

  c. one black Samsung brand tablet, model no. CE0168;

  d. one ASUS brand laptop computer, model no. GX501V;

  e. one black ACS brand thumb drive bearing serial no. RR 128-068851; and

  f. one Crosstour brand digital camera with a red and gold colored 32GB SanDisk brand Extreme Plus memory card.

9. Law enforcement transported the above-listed back to TAFB, Oklahoma. The items seized during **YOUNG's** arrest are currently being stored in the evidence room at the AFOSI Det 114 at TAFB, Oklahoma.

## COMPUTERS, ELECTRONIC STORAGE, AND FORENSIC ANALYSIS

10. Based on my knowledge, training, and experience, and the experience of other law enforcement personnel, I know that the above listed electronic devices are capable of communicating via person-to-person voice calls, text messages, and/or voicemail. I know that both the GoPro and the Crosstour cameras can communicate with computers, smartphones, and tablet devices via a wireless internet connection. I know that both Facebook and Discord can be accessed via smartphones, tablets, and laptop computers.

11. I know that persons traveling out of state often use cellphones, laptops, and tablets to search for and book hotel rooms, flights, and travel tickets. I know that persons planning to commit suicide often use the internet to research methods and compose and store drafts of suicide notes on their electronic devices. I know that persons who preplan

4

to upload scheduled updates to a blog, often have those update documents stored on their electronic devices.

12. "Computer," as used herein, is defined, pursuant to 18 U.S.C. § 1030(e)(1), as an electronic, magnetic, optical, electrochemical, or other high speed data processing device performing logical or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device.

13. "Computer hardware," as used herein, consists of all equipment that can receive, capture, collect, analyze, create, display, convert, store, conceal, or transmit electronic, magnetic, or similar computer impulses or data. Computer hardware includes any data-processing devices (including, but not limited to, central processing units, internal and peripheral storage devices such as fixed disks, external hard drives, floppy disk drives and diskettes, and other memory storage devices); peripheral input/output devices (including, but not limited to, keyboards, printers, video display monitors, and related communications devices such as cables and connections), as well as any devices, mechanisms, or parts that can be used to restrict access to computer hardware (including, but not limited to, physical keys and locks).

14. "Computer-related documentation," as used herein, consists of written, recorded, printed, or electronically stored material which explains or illustrates how to configure or use computer hardware, computer software, or other related items.

15. "Computer passwords, pass-phrases and data security devices," as used herein, consist of information or items designed to restrict access to or hide computer software, documentation, or data. Data security devices may consist of hardware, software,

5

or other programming code. A password or pass-phrase (a string of alpha-numeric characters) usually operates as a sort of digital key to "unlock" particular data security devices. Data security hardware may include encryption devices, chips, and circuit boards. Data security software of digital code may include programming code that creates "test" keys or "hot" keys, which perform certain pre-set security functions when touched. Data security software or code may also encrypt, compress, hide, or "booby-trap" protected data to make it inaccessible or unusable, as well as reverse the progress to restore it.

16. The terms "records," "documents," and "materials," as used herein, include all information recorded in any form, visual or aural, and by any means, whether in handmade form (including, but not limited to, writings, drawings, painting), photographic form (including, but not limited to, microfilm, microfiche, prints, slides, negatives, videotapes, motion pictures, photocopies), mechanical form (including, but not limited to, phonograph records, printing, typing) or electrical, electronic or magnetic form (including, but not limited to, tape recordings, cassettes, compact discs, electronic or magnetic storage devices such as floppy diskettes, hard disks, CD-ROMs, digital video disks ("DVDs"), Personal Digital Assistants ("PDAs"), Multi Media Cards ("MMCs"), memory sticks, optical disks, printer buffers, smart cards, memory calculators, electronic dialers, or electronic notebooks, as well as digital data files and printouts or readouts from any magnetic, electrical or electronic storage device).

17. The term "the Internet," as used herein, is a global computer network which electronically connects computers and allows communications and transfers of data and information across state and national boundaries. To gain access to the Internet, an

6

individual utilizes an Internet service provider (ISP). These ISP's are available worldwide. When an individual communicates through the Internet, the individual leaves an Internet Protocol (IP) address that identifies the individual user by account and ISP.

18. This **Affidavit** seeks permission to locate not only electronically stored information on cellular phones and other electronic devices that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were to be used, the purpose of their use, who would use them, and when.

19. Data on the storage medium can provide evidence of a file that was once on the storage medium but has since been deleted or edited, or of a deleted portion of a file (such as a paragraph that has been deleted from a word processing file). Virtual memory paging systems can leave traces of information on the storage medium that show what tasks and processes were recently active. Web browsers, e-mail programs, and chat programs store configuration information on the storage medium that can reveal information such as online nicknames and passwords. Operating systems can record additional information, such as the attachment of peripherals, the attachment of USB flash storage devices or other external storage media, and the times the computer was in use. Computer file systems can record information about the dates files were created and the sequence they were created.

20. Forensic evidence on a device can also indicate who has used or controlled the device. This "user attribution" evidence is analogous to the search for "indicia of occupancy" while executing a search warrant at the **Subject Residence**.

21. The process of identifying the exact electronically stored information on a storage medium that is necessary to draw an accurate conclusion is a dynamic process.

Electronic evidence is not always data that can be merely reviewed by a review team and passed along to investigators. Whether data stored on a computer is evidence may depend on other information stored on the computer and the application of knowledge about how a computer behaves. Therefore, contextual information necessary to understand other evidence also falls within the scope of the warrant.

22. Further, in finding evidence of how a device was used, the purpose of its use, who used it, and when, sometimes it is necessary to establish that a particular thing is not present on a storage medium.

23. I, and/or any other duly authorized federal agent or forensic examiner, will execute the warrant requested above.

## CONCLUSION

24. I submit there is probable cause to believe that evidence of **YOUNG's** knowledge, intent, and planning of being absent from his duty station will be found in the items described in Attachment A. Further, I submit there is probable cause to believe that evidence of **YOUNG's** knowledge of his fugitive status and his knowing possession of a firearm and ammunition will be found in the items described in Attachment A. The items described in Attachment A are currently within the Western District of Oklahoma. Since the items to be searched are currently in law enforcement custody, I ask that the search be allowed to be executed at any time in the day or night.

25. I swear the forgoing is true and correct to the best of my knowledge and belief.

**FURTHER, YOUR AFFIANT SAYETH NOT.**

BRYAN TRULSON
Special Agent
Air Force Office
of Special Investigations

Sworn to and subscribed before me this 9th day of April, 2019.

SHON T. ERWIN
United States Magistrate Judge

# **ATTACHMENT A**

a.  One black GoPro brand Hero 5 camera with a chest harness and one red and grey 64GB SanDisk brand Ultra Plus memory card;

b.  one silver Samsung brand cellular phone bearing serial number R58JC25P00H;

c.  one black Samsung brand tablet, model no. CE0168;

d.  one ASUS brand laptop computer, model no. GX501V;

e.  one black ACS brand thumb drive bearing serial no. RR 128-068851; and

f.  one Crosstour brand digital camera with a red and gold colored 32GB SanDisk brand Extreme Plus memory card.

## ATTACHMENT B

## INFORMATION TO BE SEARCHED AND THINGS TO BE SEIZED

1. Any and all documents related to YOUNG's preparations and planning of his unauthorized departure from his duty station and any documents showing his intentions of remaining away therefrom permanently.

2. Any and all documents related to YOUNG's knowledge of his fugitive status and his knowing possession of a firearm and ammunition while being a fugitive from justice.

3. A search of the electronic devices, computers, cellular/mobile phones, and other items listed in this Attachment and Warrant will include, but not be limited to, a search of, and for, computer passwords, computer pass-phrases, data security devices, records, documents, materials, electronic data, electronic mail, Internet history, geolocation data, chat sessions, mobile applications, sms/mms "text" messages.

4. Electronically stored information on electronic devices, computers, cellular/mobile phones, and other items listed in this Attachment and Warrant that might serve as direct evidence of the crimes described on the warrant, but also forensic evidence that establishes how the devices were to be used, the purpose of its use, who would use it, and when.

5. User attribution evidence on electronic devices that indicates who has used or controlled the devices and when they were used or accessed.